IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **WILLIAM T. CANIFF, JR.,** | CASE NO. 4:25 CV 1468 |
| Petitioner, | |
| v. | JUDGE JAMES R. KNEPP II |
| **WARDEN IAN HEALY,** | |
| | MEMORANDUM OPINION AND |
| Respondent. | ORDER |

*Pro se* Petitioner William Caniff, Jr., a federal prisoner incarcerated at FCI Elkton, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and a motion for expedited review (Doc. 2). Upon review, the Court finds the Petition must be dismissed.

As an initial matter, Petitioner did not pay the filing fee or file an application to proceed *in forma pauperis* in the case.

Even if Petitioner had paid the filing fee, district courts conduct initial review of habeas corpus petitions and must deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)).

The Court finds the Petition warrants dismissal under Rule 4 of the Rules governing habeas corpus cases. Petitioner filed a prior habeas petition in this Court pursuant to § 2241 asserting the same grounds he asserts here – that the Bureau of Prisons ("BOP") violated the law in delaying his transfer to prerelease custody. The Court dismissed Petitioner's prior petition because the determination of whether and when to transfer of an inmate to pre-release confinement falls within the discretion of the BOP, and Petitioner did not demonstrate that the

BOP failed to assess Petitioner's eligibility for transfer under the five factors established in 18 U.S.C. § 3621(b). *See Caniff Jr. v. Healy*, No. 4:25 CV 693 (N.D. Ohio June 26, 2025).

A district court may refuse to entertain a repeat application for a writ by a federal prisoner "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a). The Court will not address the merits of Petitioner's current petition, which is duplicative of his prior petition. *See, e.g.*, *Fletcher v. Quintana*, 2013 WL 6229380 (E.D. Ky.) (dismissing second habeas petition concerning the same sentencing credit at issue in a prior § 2241 petition, which was resolved against the petitioner).

## CONCLUSION

Accordingly, for the foregoing reasons, good cause appearing, it is

ORDERED that the Petition (Doc. 1) be, and the same hereby is, DENIED and this action is DISMISSED pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: August 14, 2025