IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**WILLIAM T. CANIFF, JR.,**                                    CASE NO. 4:25 CV 1468

    Petitioner,

    v.                                                                       JUDGE JAMES R. KNEPP II

**IAN HEALY WARDEN,**

    Respondent.                                                **ORDER**

Shortly after the Court entered judgment dismissing this § 2241 habeas case, Petitioner filed a Motion to Amend Petition to include "facts, assertions, and exhibits." (Doc. 5). The motion is denied.

While Federal Rule Civil Procedure 15(a)(2) provides that leave to amend a pleading should be "freely give[n] . . . when justice so requires," justice does not require permitting leave to amend where "amendment would be 'futile.'" *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Further, a party like Petitioner "seeking leave to amend after an adverse judgment faces a heavier burden than for a [Federal] Rule [of Civil Procedure] 15 leave to amend motion prior to a final ruling." *Robards v. Streeval*, 2020 WL 13563719, at *3 (6th Cir) (quoting *Mich. Flyer LLC v. Wayne Cty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017)). To obtain leave to amend after a final judgment, a movant must satisfy the requirements of Federal Rule of Civil Procedure 59(e) and show that there has been: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Mich. Flyer*, 860 F.3d at 431.

The Court does not find that Petitioner has demonstrated any of the circumstances warranting relief from its judgment under Rule 59(e) and finds that his proposed amendment would be futile. The additional facts, assertions, and exhibits Petitioner cites in his motion appear to pertain only to his efforts to exhaust his complaints about his release date with the prison and/or the Bureau of Prisons. But nothing in his motion alters the Court's conclusion that he has failed to state a plausible claim upon which he may be granted habeas relief under § 2241 for the reasons the Court set forth in its decision dismissing his Petition. *See* Doc. 3.

For the foregoing reasons, good cause appearing, it is

ORDERED that Petitioner's Motion to Amend his Petition (Doc. 5) be, and the same hereby is, DENIED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: August 26, 2025